UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



| | | |
|---|---|---|
| PEARL COTTIER and REBECCA THREE STARS, | * * * | CIV 02-5021 |
| Plaintiffs, | * * | MEMORANDUM OPINION AND ORDER |
| -vs- | * * | |
| CITY OF MARTIN; TODD ALEXANDER; ROD ANDERSON; SCOTT LARSON; DON MOORE; BRAD OTTE; and MOLLY RISSE, in their official capacities as members of Martin City Council; and JANET SPEIDEL, in her official capacity as Finance Officer of City of Martin, | * * * * * * * * * | |
| Defendants. | * * | |

Plaintiffs have filed a Motion for Attorneys' Fees and Expenses, doc. 424, following entry of Judgment in Plaintiffs' favor after a finding that Defendants violated Section 2 of the Voting Rights Act of 1965, 42 U.S.C. § 1973. Also pending are three motions regarding sealing of Defendants' attorneys' time and expense records. (Docs. 449, 450, 453.) A previous Order allows Plaintiffs to file a reply brief in support of their motion for attorneys' fees 14 days after the Motion to Determine a Claim of Privilege is resolved. (Doc. 452.) Accordingly, in this Order the Court will address the three motions regarding Defendants' claim that their attorneys' billing records are covered by the attorney-client or attorney work-product privileges. The issue of attorneys' fees and expenses will be ruled on after receipt of Plaintiffs' reply brief.

## BACKGROUND

In opposing Plaintiffs' claim for attorneys' fees and expenses, Defendants contested the amount of time Plaintiffs' attorneys spent on the case. Plaintiffs then sought discovery of the time and expense records of Defendants' attorneys. Defendants provided Plaintiffs with the attorneys' bills for the time periods Defendants believed were relevant, but objected to producing any other

attorneys' bills or records, contending they were irrelevant. *See* Doc. 443, Defendants' Memorandum in Opposition to Plaintiffs' Motion to Allow Limited Discovery. Defendants did not argue to the Court that the documents were protected by the attorney-client privilege or work product doctrine.[1] The Court ordered production of the billing records. (Doc. 444).

Defendants produced to Plaintiffs records of the attorneys' fees and expenses billed in this case from June 12, 2002, to June 25, 2007. A small number of entries were redacted by Defendants in order to preserve the attorney-client privilege and work product protections. Plaintiffs do not take issue with those redactions. In the cover letter accompanying the records, counsel for Defendants asserted that the records are protected by the attorney-client privilege and the attorney work-product doctrine. Plaintiffs then filed a Motion to Determine a Claim of Privilege, asking the Court to decide if Defendants' attorney fee bills and records are privileged. (Doc. 450.) Copies of the records were filed by Plaintiffs under seal for the Court's review. Later, Defendants filed a Motion to Seal the records. (Doc. 453.) Defendants explained in their Memorandum in Support of Motion to Seal that they are not opposed to Plaintiffs' use of the billing records to resolve the fee dispute, but Defendants ask the Court to keep the documents under seal in order to protect them from public view. (Doc. 454.) They contend that the public interest in maintaining the attorney-client privilege outweighs the interest in public access to court records.

## DISCUSSION

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). Access to judicial records is not absolute. *See id.* at 598. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.* While recognizing a common law right of access to court records, the Eighth Circuit has expressly declined to adopt a "strong presumption" of common law access. *See United States v. Webbe*, 791 F.2d 103,

---

[1] In a letter to counsel for Plaintiffs, a copy of which is attached to Defendants' memorandum, counsel for Defendants stated that they were not waiving the attorney-client privilege or work-product protection by providing certain bills and records, but no mention of privilege was made in Defendants' legal memorandum objecting to Plaintiffs' Motion to Allow Limited Discovery.

106 (8th Cir.1986). Rather, the decision of whether court records should be sealed is one committed to the sound discretion of the trial court. *Webster Groves Sch. Dist. v. Pulitzer Publishing Co.*, 898 F.2d 1371, 1376 (8th Cir.1990).

Attorney billing records are protected by the attorney-client privilege and the work product doctrine insofar as they reveal the nature of the services provided. *See Brennan v. W. Nat'l Mut. Ins. Co.*, 199 F.R.D. 660, 662 (D.S.D. 2001) ("[B]illing statements which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of the law, fall within the privilege." (internal quotation omitted)); *see also, Chaudhry v. Gallerizzo*, 174 F.3d 394, 402 (4th Cir. 1999) (attorney-client privilege); *Montgomery County v. MicroVote Corp.*, 175 F.3d 296, 304 (3d Cir. 1999) (attorney-client privilege); *Nesse v. Shaw Pittman*, 202 F.R.D. 344, 356 (D.D.C. 2001) (work product doctrine); *Ring v. Commercial Union Ins. Co.*, 159 F.R.D. 653, 659-60 (M.D.N.C. 1995) (work product doctrine).

Defendants carry the burden of establishing that the work product doctrine or the attorney-client privilege should protect the documents at issue. *See In re Grand Jury Proceedings*, 791 F.2d 663, 666 (8th Cir. 1986) (holding that the burden rested on the person asserting the privilege to establish that the information sought fell within the attorney-client privilege); *In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 925 (8th Cir. 1997) (recognizing that the party resisting disclosure bears the burden of establishing the elements of work product immunity).

Federal Rule of Civil Procedure 26(b)(5) provides that a party asserting a claim of privilege must assert it in a timely fashion and provide a description of the information:

> **(A) Information Withheld.** When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial-preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

3

FED.R.CIV.P. 26(b)(5)(A).[2] During the discovery dispute, Defendants contended that most of the bills and records requested by Plaintiffs were not relevant, but Defendants did not argue the issue of privilege to the Court at that time. If Defendants intended to rely on objections of privilege or work product, they had the burden to assert them in opposing the motion for discovery. Their failure precludes them from now relying on the objections. *See United States v. Workman*, 138 F.3d 1261, 1263 (8th Cir. 1998) (voluntary disclosure of privileged communications waives the attorney-client privilege).

Even if Defendants have not waived the attorney-client privilege, Defendants have failed to establish the existence and applicability of a privilege. "[T]he assertion of a privilege must be accompanied by sufficient information to allow the court to rule intelligently on the privilege claim." *Marx v. Kelly, Hart & Hallman*, 929 F.2d 8, 12 (1st Cir. 1991). As explained by the Tenth Circuit:

> A party seeking to assert the privilege must make a clear showing that it applies. Failure to do so is not excused because the document is later shown to be one which would have been privileged if a timely showing had been made. Even though it does not seem seriously disputed that the privilege would have attached if the objection had been timely and adequately asserted, that such a showing had not been made when the trial court was called upon to make its ruling defeats the privilege. It is not enough that a document would have been privileged if an adequate and timely showing had been made. The applicability of the privilege turns on the adequacy and timeliness of the showing as well as on the nature of the document.

*Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984). Defendants impliedly asserted a privilege by redacting some information in several bills from 2002, 2003, 2004 and 2006, prior to disclosing the documents to Plaintiffs. (Plaintiffs do not contest that the redacted information is privileged and that Defendants appropriately redacted it.) In their Memorandum in Support of Motion to Seal, doc. 454, Defendants point to three additional entries they believe are

---

[2]In 2006, a new provision was added to Rule 26(b)(5) dealing with inadvertent disclosure of privileged information. This provision is inapplicable because Defendants did not mistakenly include privileged information in their response to the motion for discovery. Defendants intentionally produced all of the attorney billing records, albeit after being ordered to do so by the Court. They even redacted some entries.

4

protected.³ They do not explain why those entries were not redacted prior to producing the documents to Plaintiffs. Defendants have not directed the Court's attention to any other specific records or portions of records that are privileged. In addition, Defendants do not even attempt to distinguish between documents that may be protected by the attorney-client privilege and those subject to the attorney work product doctrine.

Billing records and hourly statements which do not reveal client communications usually are not privileged, *see Brennan*, 199 F.R.D. at 662, and it appears to the Court that most of Defendants' records fall into this unprivileged category. In any event, Defendants carry the burden of showing otherwise. A blanket claim of privilege is not sufficient, and it is not the Court's responsibility to peruse the documents and pick out privileged information. *See, e.g., Atteberry v. Longmont United Hospital*, 221 F.R.D. 644, 648-49 (D. Colo. 2004) (holding that asserted privileges are waived where "[t]here is no privilege log whatsoever or other attempt . . . to provide sufficient information to enable the plaintiffs or the court to determine whether each element of the asserted objection is justified."). *Cf. PaineWebber Group, Inc. v. Zinsmeyer Trusts P'ship*, 187 F.3d 988, 992 (8th Cir. 1999) (stating that many courts require a privilege log to reduce the number of documents reviewed *in camera* because it "is an awkward, time-consuming process"). Because Defendants have failed to meet their burden to establish the applicability of the attorney-client privilege or work-product doctrine, the preference for public access to judicial records must apply. Accordingly,

IT IS ORDERED:

1. That Plaintiffs' Motion to Determine a Claim of Privilege, doc. 450, is granted to the extent that the Court finds that the documents at issue are not privileged;

2. That Plaintiffs' Motion to Seal Documents, doc. 449, is denied.

3. That Defendants' Motion to Seal Documents, doc. 453, is denied.

4. That the records attached to Plaintiffs' Motion to Determine a Claim of Privilege, doc. 450, will remain sealed for 14 days from the date of this Order to allow

---

³The Court finds that the attorney-client privilege applies to the three entries noted by Defendants on page 2 of their memorandum, doc. 454. Defendants may substitute the record with redacted versions of the pages containing those three entries.

5

Defendants to file redacted versions of the pages containing the three entries, noted in their Memorandum in Support of Motion to Seal, for December 6, 2002, February 7, 2003 and June 6, 2003.

5. That Plaintiffs have 14 days after the date of this Order to file their reply to Defendants' objections to the Plaintiffs' motion for attorneys' fees and expenses.

Dated this 19th day of December, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _Shelly Margulies_
DEPUTY

6