UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

**FILED**
FEB 0 7 2012

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| PEARL COTTIER and REBECCA THREE STARS, | * * * | CIV 02-5021 |
| Plaintiffs, | * * | |
| -vs- | * * * | MEMORANDUM OPINION AND ORDER ON REVIEW OF TAXATION OF COSTS |
| CITY OF MARTIN; TODD ALEXANDER; ROD ANDERSON; SCOTT LARSON; DON MOORE; BRAD OTTE; and MOLLY RISSE, in their official capacities as members of Martin City Council; and JANET SPEIDEL, in her official capacity as Finance Officer of City of Martin, | * * * * * * * * * | |
| Defendants. | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Following dismissal of this case, the Clerk of Court taxed costs in the amount of $8,295.87 in favor of Defendants against Plaintiffs Pearl Cottier and Rebecca Three Stars. (Doc. 499.) Defendants had requested $19,375.34. (Doc. 491.) They have filed a Motion for Review of Taxation of Costs, doc. 501, challenging five categories of costs which the Clerk denied: (1) a $255 filing fee for a cross-appeal in the Eighth Circuit; (2) court reporter fees for transcripts of some court hearings and the trial transcript; (3) fees for printing related to the lawyers' correspondence with Defendants; (4) witness fees, travel and subsistence expenses related to Defendants' expert, Dr. Weber, for his attendance at trial to listen to the testimony of Plaintiffs' expert, Dr. Cole; and (5) miscellaneous costs for conference calls ($1,261.55), trial notebooks ($509.21), a book ($43.94) and audiotapes ($27.75).

In their Brief in Opposition to the Defendants' Motion for Review of Taxation of Costs, doc. 502, Plaintiffs not only respond to Defendants' allegations of error by the Clerk in failing to tax certain costs, but also ask the Court to review some costs that were taxed by the Clerk. A motion for review of costs must be filed within seven calendar days after the Clerk taxes costs. *See* Fed. R.Civ.P. 54(d)(1) and D.S.D. LR 54.1(A). The Clerk filed the Taxation of Costs on September 1,

2010, and Plaintiffs' brief was filed on October 4, 2010. Plaintiffs should have asked for review within seven days after the Clerk taxed costs, and Plaintiffs' request for review of costs is denied as untimely. Despite denial of the Plaintiffs' request for review, the Court has carefully scrutinized the costs requested by Defendants.

## DECISION

Unless the Court directs otherwise, the prevailing party in an action is entitled to an award of costs other than attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d). *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) (citing Fed.R.Civ.P. 54). The amount of costs awarded is an "issue [ ] within the sound discretion of the district court...." *Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir.1982). "However, such costs must be set out in 28 U.S.C. § 1920 or some other statutory authorization." *Smith*, 436 F.3d at 889. Section 1920 provides that:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C.A. § 1920.

Federal Rule of Civil Procedure 54(d) has been interpreted as creating a presumption that costs are to be awarded to the prevailing party. *See Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981); *Martin v. Daimler-Chrysler*, 251 F.3d 691, 696 (8th Cir.2001) (citations omitted). "Despite this presumption, however, the district court has substantial discretion in awarding costs to a prevailing party." *Greaser v. State, Dept. of Corrections*, 145 F.3d 979, 985 (8th Cir.1998) (upholding district court's denial of costs to prevailing defendant in discrimination case). Although

2

some circuits have held that costs should only be denied to a prevailing party if it is guilty of some misconduct or bad faith, the Eighth Circuit takes a broader view, finding that Rule 54(d)'s grant of discretion alone permits a court to deny costs. *See Greaser*, 145 F.3d at 985. In determining costs, the Court may consider a plaintiff's limited financial resources, *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir.1983), and the Court may deny costs if "a plaintiff is poor or for other good reason . . . ." *Poe*, 695 F.2d at 1108.

The Court first will address each category of costs for which Defendants seek review, and then will explain why the particular circumstances of this case will exempt Plaintiffs from liability for a portion of the taxable costs.

### A. Fees of Clerk

Defendants seek a $255 filing fee paid to the Eighth Circuit for a cross appeal. Defendants state that the Eighth Circuit dismissed the cross appeal because Defendants could make their arguments in the course of Plaintiffs' appeal. The Court finds that the filing fee for the cross appeal is not recoverable because the cross appeal was dismissed and was neither necessary nor successful.

### B. Fees for Transcripts

Defendants ask to recover the cost of court reporter fees for transcripts of three separate hearings and the trial transcript. Taxation of these costs is authorized under § 1920(2) when the transcripts were "necessarily obtained for use in the case."

The record shows that four witnesses testified at the hearing on Plaintiffs' motion for a preliminary injunction on May 24, 2002, and three of those same witnesses testified at the 2004 trial. The Court finds that it was necessary for counsels' effective performance to obtain a copy of the hearing transcript to prepare the case for trial, and for use at trial. Defendants are entitled to taxation of $413.40 for the copy of the May 24, 2002 hearing transcript.

Defendants seek fees for a transcript of a hearing which took place in an unrelated case on July 17, 2003. According to Defendants, the transcript was necessary to counter "Plaintiffs' meritless position that Sheriff Cummings was fired by the City of Martin due to his race." A copy of the

3

hearing transcript is not in the record and, therefore, the Court cannot make a determination whether it was necessary for use in this case. Accordingly, the cost of this transcript will not be taxed.

Defendants assert that they needed a transcript of the pretrial conference to address Plaintiffs' argument on appeal that Judge Schreier erred in prohibiting use of the exit poll. Defendants state that the pretrial hearing transcript "was used and discussed at length in the parties' appellate briefs." The appellate briefs are not in the record before this Court, so the Court cannot review them. The Court has reviewed the transcript of the pretrial conference held on May 24, 2004. During the pretrial conference, Judge Schreier ruled that if Plaintiffs planned to offer into evidence an exit poll to be conducted June 1, 2004, the Court would continue the trial date in order to allow time for Defendants to conduct discovery on the new evidence. Counsel for Plaintiffs responded that they did not want a continuance and understood that the 2004 exit poll evidence would be excluded if offered at trial.[1] (Pretrial Conference Transcript at p. 48-62.) The Eighth Circuit opinions in this case discuss whether the 2003 exit polls were reliable, but there is no reference to Judge Schreier's decision to deny Plaintiffs' use of the 2004 exit poll, and it is not clear to the Court that a transcript of the pretrial conference was necessary for use in this case. Thus, the cost for the transcript of the May 24, 2004 pretrial conference will not be taxed.

Judge Schreier directed the parties to refer to the transcript of the 2004 trial in order to prepare proposed findings of fact. The parties split the cost of the transcript. The Court finds that the trial transcript was necessarily obtained for use in the case. Thus, Defendants are entitled to taxation of $5,542.95 for the trial transcript.

C. Fees for Printing

The Clerk denied Defendants' costs related to correspondence with clients. The Court has reviewed the entries for "correspondence to client" submitted by Defendants. (Doc. 491-1 at p. 5-10.) The entries reflect a cost of $.25 per page for documents that were copied and sent to Defendants by their lawyers, for a total amount of $104 based on the Court's calculations. It is

---

[1] At trial, Plaintiffs made an offer of proof regarding the 2004 exit poll. (Trial Transcript at p. 670-675.)

4

necessary for a lawyer to correspond with his or her clients in litigation, sometimes including copies of documents related to the case, and the statute specifically allows recovery of costs associated with necessary copies of materials. *See* 28 U.S.C. § 1920(4). The Court would prefer to have a description of the substance of the correspondence and the documents copied and enclosed, but the amounts claimed here for copies for clients are reasonable for a case of this length and complexity. Costs in the amount of $104 will be taxed for the copies of documents included in correspondence to Defendants.

### D. Witness Fees

The Clerk allowed costs for the attendance of Defendants' expert, Dr. Weber, at trial during his own testimony, but disallowed costs for his attendance at trial during the testimony of Plaintiffs' expert witness, Dr. Cole, from June 7, 2004 to June 9, 2004, as well as two travel days.[2] Defendants appropriately seek only the statutory amount permitted for expert witnesses under 28 U.S.C. § 1821(b). *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987) (under 28 U.S.C. § 1920, court may tax expert witness fees in excess of the statutory limit per day only when the witness is court-appointed). If Dr. Weber's attendance was necessary, Defendants are entitled to those statutory costs associated with Dr. Weber attending the trial June 7, 2004 through June 9, 2004, and two travel days, to listen to Dr. Cole's testimony. *See Linneman Constr., Inc. v. Montana-Dakota Utilities Co., Inc.*, 504 F.2d 1365, 1372 (8th Cir. 1974) (agreeing with general rule that attendance and subsistence allowances are not restricted to the days on which the witness actually testifies, but may include each day that the witness necessarily attends the trial).

Both parties' experts were indispensable to this case, and the courts heavily relied on their testimony. In the first Eighth Circuit appeal, the panel ruled that the results of the 2003 exit poll supported Plaintiffs' vote dilution claim. *See Cottier v. City of Martin*, 445 F.3d 1113, 1120 (8th Cir. 2006). Dr. Cole orchestrated the 2003 exit poll on behalf of Plaintiffs, and he testified about it at length during the trial. It was crucial for Dr. Weber to have been present for the testimony of Dr. Cole in order to respond to the testimony. The Eighth Circuit's en banc opinion shows that Dr.

---

[2] Dr. Weber attended the first three days of trial from June 7, 2004 to June 9, 2004, to listen to Dr. Cole's testimony. On June 24 and 25, 2004, Dr. Weber provided his own testimony.

5

Weber's testimony, including countering Dr. Cole's testimony, played a vital role in the final resolution of the case in Defendants' favor. *See Cottier v. City of Martin*, 604 F.3d 553 (8th Cir. 2010). The Court will tax the statutory costs in the amount of $200 for Dr. Weber attending the trial June 7, 2004 through June 9, 2004, and two travel days.[3]

Defendants also are entitled to $640.01 for costs incurred for Dr. Weber's deposition. *See* Fed.R.Civ.P. 26(b)(4)(E) ("Unless manifest injustice would result, the court must require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery ...."). The Court sees no manifest injustice in awarding the costs incurred for the deposition requested by Plaintiffs.

### E. Other Costs

Defendants seek miscellaneous costs for telephone conference calls ($1,261.55), trial notebooks ($509.21), a book ($43.94) and audiotapes ($27.75). In assessing costs, the Court is limited to those items listed in 28 U.S.C. § 1920. *See Crawford Fitting*, 437 U.S. at 445 (absent explicit statutory or contractual authorization federal courts are bound by the limitations set out in 28 U.S.C. § 1920). The Supreme Court explained,

> If Rule 54(d) grants courts discretion to tax whatever costs may seem appropriate, then § 1920, which enumerates the costs that may be taxed, serves no role whatsoever. We think the better view is that § 1920 defines the term "costs" as used in Rule 54(d). Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party.

*Id.* at 441-442. *See also, Arlington Cent. School Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 301 (2006) ("the term 'costs' in 20 U.S.C. § 1415(i)(3)(B), like the same term in Rule 54(d), is defined by the categories of expenses enumerated in 28 U.S.C. § 1920"). The miscellaneous costs sought by Defendants are office overhead or business expenses not reimbursable under 28 U.S.C. § 1920.

---

[3] "A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." 28 U.S.C.A. § 1821.

6

The Clerk of Court taxed fees for private process, but Defendants cannot recover costs for private process fees. The Eighth Circuit held in *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985), that fees of private process servers are not taxable as costs because 28 U.S.C. § 1920 does not allow for the award of such expenses. The Court recognizes that some circuits allow prevailing parties to recover the expense of private process servers under section 1920, but this Court is bound by the Eighth Circuit's holding in *Crues* and the plain language of 28 U.S.C. § 1920, which does not allow an award of costs for a private process server. Thus, Defendants are not entitled to recover $95.00 for service of the subpoena on Plaintiffs' expert, or $30.91 for service of the trial subpoena on William Lass.

The Court has determined that Defendants would be allowed to recover costs in the amount of $14,870.31 if reasons did not exist to relieve Plaintiffs of the burden of paying costs. For the following reasons, the Court finds that Plaintiffs' particular circumstances and other factors justify denying an award of full costs in this civil rights Voting Rights Act case.

Plaintiffs Pearl Cottier and Rebecca Three Stars claim they are unable to pay costs, and they have submitted affidavits in support of this claim. Plaintiff Pearl Cottier earns about $55,000.00 a year and also receives $1,200.00 a month in social security. She has no assets other than three vehicles with outstanding balances owing on the vehicles and she supports other households of unemployed family members. She cannot pay all of her bills. Rebecca Three Stars earns about $22,000.00 a year and has no other assets or support and owes $180,000.00 in hospital bills.

This was a Voting Rights Act lawsuit in which both Plaintiffs stood to gain nothing personally. The long history of this lawsuit shows that it was not brought in bad faith, it was not vexatious,

7

unreasonable, frivolous or without merit.[4] Instead, it was a very close and difficult case. The costs would surely be less if it were not such a close and difficult case.

Under the unusual facts of this case, the Court in its discretion awards a portion of the costs to the Defendant in the amount of $1,000.00 against Plaintiff Pearl Cottier and awards no costs against Rebecca Three Stars as she is a poor person who brought an action on behalf of other Native American voters with no possibility of monetary gain for herself. Pearl Cottier may well have trouble paying her bills, but she is not a poor person. She, too, stood to gain nothing financially from this lawsuit brought in South Dakota on behalf of not only herself and other Native American voters in Martin, but also all Native Americans voters in South Dakota from a precedent point of view. Ms. Cottier is required to pay $1,000.00 in costs to the Defendants.

No basis has been shown for the payment of costs by the attorneys for Plaintiffs. Accordingly,

IT IS ORDERED that Defendants' Motion for Review of Taxation of Costs, doc. 501, is granted to the extent that costs in the amount of $1,000 will be taxed against Plaintiff Pearl Cottier and in favor of Defendants. Plaintiff Rebecca Three Stars will not be required to pay any costs.

---

[4] After an 11-day court trial in June 2004, the district court entered judgment in favor of Defendants in March 2005. Plaintiffs appealed. The Eighth Circuit affirmed with respect to Plaintiffs' constitutional claims but reversed and remanded the Voting Rights Act claim. *See Cottier v. City of Martin*, 445 F.3d 1113 (8th Cir. 2006). On remand, the district court held that the City's wards violate the Voting Rights Act by diluting the Native American vote and ordered Defendants to propose a remedy. *See Cottier v. City of Martin*, 466 F.Supp.2d 1175 (D.S.D. 2006). Defendants failed to propose a remedy, arguing that no workable remedy existed. On February 9, 2007, the Court adopted one of Plaintiffs' proposed remediation plans and entered judgment in Plaintiffs' favor. *See Cottier v. City of Martin*, 475 F.Supp.2d 932 (D.S.D. 2007). The Eighth Circuit affirmed the district court's ruling and remedy in favor of Plaintiffs. *See Cottier v. City of Martin*, 551 F.3d 733 (8th Cir. 2008). After granting rehearing en banc, the Eighth Circuit vacated the district court's judgment and remanded with directions to dismiss Plaintiffs' case. *See Cottier v. City of Martin*, 604 F.3d 553 (8th Cir. 2010). On November 15, 2010, the Supreme Court denied Plaintiffs' petition for a writ of certiorari. *See Cottier v. City of Martin*, 131 S.Ct. 589 (2010).

Dated this 7th day of February, 2012.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/ Deb Peter
                    DEPUTY

9